Caroline R. Djang (State Bar No. 216313)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035
Email: cdjang@rutan.com

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BARRETT A. JOHNSON,<br><br>Debtor. | Case No. 07-43836-RLE-13<br><br>Chapter 13<br><br>**EX PARTE MOTION TO RESTRICT ACCESS TO UNREDACTED DOCUMENTS** |

    Capital One Auto Finance, a Division of Capital One, N.A. ("***Capital One Auto Finance***" or the "***Movant***") files this *Ex Parte Motion to Restrict Access to Unredacted Documents* seeking an order from the Court restricting public access to the filed proofs of claim and documents referenced in the attached Exhibit "A" (the "***Unredacted Documents***"), filed in the bankruptcy cases referenced in Exhibit "A" (the "***Cases***"). In support of this Motion, the Movant would respectfully show the Court as follows:

### Jurisdiction

    1. This Court has jurisdiction over the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding. The relief sought herein may be granted pursuant to § 107 of title 11 of the United States Code (the "***Bankruptcy Code***") and Federal Rule of Bankruptcy Procedure 9037.

## Factual Background

2. Prior to the initiation of the Cases, Capital One Auto Finance provided a closed-end term loan secured by an automobile ("**Loan**") to the above-captioned debtor (the "**Debtor**"). Upon the initiation of the Cases, an independent, third-party contractor electronically filed the Unredacted Documents on behalf of Capital One Auto Finance.

3. The Unredacted Documents, however, disclosed certain personally identifiable information that should have been redacted pursuant to Bankruptcy Rule 9037.

## Relief Requested & Legal Analysis

1. The Movant seeks to rectify this situation by having the Unredacted Documents restricted from public access.

2. Pursuant to Fed. R. Bankr. P. 9037(a), unless the Court directs otherwise, a party making an electronic filing may include personally identifiable information ("**PII**") only in redacted form as follows: the last four digits of a consumer's financial-account number or social security number, the year of an individual's date of birth, and the initials of any minor. The third party contractor's failure to redact the PII from the Unredacted Documents in accordance with Fed. R. Bankr. P. 9037(a) was a mistake that Capital One Auto Finance, upon learning of the mistake, seeks to remedy. Further, Fed. R. Bankr. P. 9037(d) states that for "cause," this Court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Movant believes that cause exists for the Court to limit remote electronic access to the Unredacted Documents because such relief is necessary to ensure compliance with Fed. R. Bankr. P. 9037(a).

3. Further, § 107(c) of the Bankruptcy Code permits the Court, "for cause," to protect an individual with respect to any paper or pleading filed in a bankruptcy case "to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c). Movant submits that Fed. R. Bankr. P. 9037(a) creates a presumption that "cause" exists under § 107(c) for issuing an order protecting an individual from the disclosure of information restricted by Fed. R. Bankr. P. 9037(a).

4. Movant moves that the Court authorize the redaction of PII from the Unredacted Documents and direct the Clerk of the Court to restrict public access to these documents as originally filed, whether electronically or manually, so that the PII is not available to public access.

5. Movant does not intend for this requested relief to have any substantive effect upon the Debtor, the Debtor's estate, Capital One Auto Finance or its claim(s), other assignees, or any other creditors or parties-in-interest. The motion and the entry of a protective order to prevent public access will not impact the substantive rights of the Debtor, any creditor, or any other party in interest.

6. Capital One Auto Finance will offer the Debtors and any other individual whose PII was included in the Unredacted Document (the "Notice Party") credit monitoring without cost for a period of twelve (12) months. Each Notice Party will have one hundred and twenty days (120) days from the date of the Notice to accept the offer set forth in the Notice. Such credit monitoring will begin as of the date COAF is informed that the Notice Party accepts COAF's offer. The credit monitoring service provided will consist of credit monitoring administered by at least one of the three major creditor bureaus and will provide, if the Notice Party requests, email alerts to the Notice Party of critical changes in the individual's credit reporting information throughout the twelve month time period.

7. Finally, Capital One Auto Finance apologizes for the administrative burdens caused by the third party error, and wishes to express its gratitude to the Court, its staff, and the debtors and trustees in this Cases for their patience and cooperation in this matter.

/ / /

/ / /

/ / /

WHEREFORE, Capital One Auto Finance respectfully requests that the Court grant its *Ex Parte Motion to Restrict Access to Unredacted Documents* and requests such other relief as may be proper.

Respectfully submitted this 27th day of November, 2013

/s/ Caroline R. Djang
Caroline R. Djang
RUTAN & TUCKER, LLP

*Attorneys for Capital One Auto Finance a Division of Capital One N.A.*

## DECLARATION OF CAROLINE R. DJANG

1. I, Caroline R. Djang, am an attorney at law duly licensed to practice before all Courts of the State of California including this Court. I am an associate with the law firm of Rutan & Tucker, LLP, attorneys of record for the Movant herein.

2. I have personal knowledge of the facts set forth in this Declaration and would and could competently testify to the following.

3. In those cases listed on the attached Exhibit "A," a third party vendor filed certain documents on behalf of the Movant which contained personal information which should have been redacted under Bankruptcy Rule 9037.

4. Movant hereby certifies that the documents on the attached Exhibit A containing personal data identifiers were filed on the dates stated therein and that public disclosure of personal data identifiers would create undue risk of identity theft or other unlawful injury to the individual or his/her property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 27, 2013 at Costa Mesa, California.

/s/ Caroline R. Djang
Caroline R. Djang